## STATE v. TYRE.

Court of Quarter Sessions. November, 1808.

*Wells' Notebook, 375.*

*Bayard, Cooper* and *Wells* for defendant.

The same points occurred in this case as did in that of the *State v. Negro Absolom*. Tyre was a free mulatto. He was indicted for stealing a sheep. The offense was committed under the Servitude Act [4 Del.Laws 108], but at the time of trial that Act was "repealed, made null and void" [4 Del.Laws 221]. The question which arose on a motion in arrest of judgment, whether he could be punished under either law; under that which was in force at the commission of the offense, or under that which was in force at the time of trial.

The counsel for the defendant contended that the Servitude Law repealed the Whipping Law [1 Del.Laws 296], as it respected free Negroes. That for the Court to punish him under the Whipping Law, would be to exercise a greater power than it was competent for the legislature to do, who were inhibited by the Constitution from passing *ex post facto* laws. It is evident that the legislature meant to commute the punishment to substitute remuneration by servitude, instead of an ignominious punishment which had no influence upon a set of people to whom character was of less importance than to the whites. That this Court had already proceeded upon the Servitude Law while in force, and regarded it as a substitute for the other; they having in no one instance punished under both at the same time. That it was almost always the practice of the United States and the state legislatures in repealing laws to insert provisoes to guard against cases arising previous to the repeal. That to contend that the repeal of a statute relating to an offense that was punishable at common law would set up again the common law, would be extremely dangerous; that it would be to revive the old obsolete codes of criminal laws in force among the Saxons, Danes, etc. many hundred years back. That no part of the old English common law respecting capital punishment ever was intended here where there were statutory remedies. See 1 Bl. Comm. 89, 451.

The Attorney General considered the Servitude Law as providing a punishment that was cumulative; and that he might be punished under the Whipping Law, which that Servitude Law had not repealed, or under the common law.

PER CURIAM. BOOTH, C. J. I have great doubts upon my mind, but I am rather inclined to consider the Servitude Act as cumu-

lative. The latter part of the fifth section creates doubt. But seeing that this Court have never directed the additional punishment, and from the doubts I entertain upon the subject, I cheerfully acquiesce with by brethren in considering the latter Act as repealing the former. As, however, we are of opinion that there was probable ground or cause of prosecution, the costs must be paid.

The Court awarded that the judgment be arrested, and that the prisoner be discharged from confinement on payment of costs. They afterwards, upon the application of the defendant's counsel, ordered him to be sold to pay the costs. See *State v. Negro Absolom, antea.*